## A. SKARPMOEN v. CLOQUET BOX COMPANY.[1]

May 5, 1911.

Nos. 17,066—(91).

**Guarding dangerous machinery.**

    The facts that it is inconvenient, involves expense, and necessitates additional space to provide and use belt shifters or loose pulleys, under the provisions of R. L. 1905, § 1814, do not conclusively show that it is not practicable to do so.

**Same — question whether practicable for the jury.**

    In this case, on the evidence, *held* a question of fact for the jury whether it was practicable for defendant to provide and use such appliances.

**Contributory negligence.**

    It does not conclusively appear from the evidence in this case that plaintiff was guilty of contributory negligence or that he assumed the risk.

Action in the district court for Carlton county to recover $1,945 for personal injuries. The substance of the complaint and answer are set forth in the opinion. The reply was a general denial. At the close of the testimony defendant's motion for a directed verdict

[1] Reported in 130 N. W. 1106.

in its favor was denied. The case was tried before Ensign, J., and a jury which returned a verdict in favor of plaintiff for $825. From an order denying defendant's motion for judgment notwithstanding the verdict and granting a new trial, it appealed. Affirmed.

*Thomas J. Davis,* for appellant.

*John Jenswold, Jr.,* for respondent.

BUNN, J.

Plaintiff was in the employ of defendant in its mill at Cloquet from July, 1909, to November 9, 1909, when he suffered the injury complained of. His duties were to help the millwright about the machinery. About two weeks before the accident he was given the work of oiling the machinery and taking off and putting on belts whenever called upon to do so by the men who operated the saws. The mill had two floors—the lower occupied by shaftings, pulleys, and belts, the upper by the saws and other machines run by belts passing down through the floor over pulleys on drive shafts on the lower or ground floor. One of these pulleys on the lower floor was a pulley forty-two inches in diameter, having a six-inch face, fastened on a drive shaft hung at the right height under the ceiling of the ground floor to enable the pulley to clear the ceiling joists. On this pulley ran a four-inch leather belt, sewed and spliced with wire. This belt, when in use, passed around this pulley, up through the ceiling, and over a pulley hung on the arbor of a ripsaw machine on the second floor. Plaintiff was injured while attempting to put the belt on this forty-two-inch pulley on the ground floor. There was no loose pulley and no belt shifter provided, and the work was done by the use of sticks. The pulley was revolving at the rate of two hundred ninety revolutions per minute. The top of it, when it was revolving, moved from north to south, so that the north side of the pulley, viewing it from bottom to top, went up, and the south side went down. Plaintiff, in attempting to put the belt on, stood at the north side of the pulley, and endeavored to slide the belt on by the use of his stick. The belt slipped, the stick got caught, either in the steel lacing of the belt or by the rim or spokes of the pulley, and plaintiff was injured.

This action was brought to recover damages for the injuries so received. Plaintiff charged that defendant was negligent in (1) not providing a loose pulley, (2) not providing a safe place in which to work, and (3) not providing a belt shifter. Defendant admitted that there was no loose pulley and no belt shifter provided, but claimed that it was not practicable to use either a loose pulley or belt shifter, and that plaintiff was guilty of contributory negligence and assumed the risk. At the close of the evidence the court denied defendant's motion to direct a verdict, and submitted the case to the jury on the question of whether or not it was practicable to use a loose pulley and belt shifter, and on the questions of contributory negligence and assumption of risk. Plaintiff had a verdict. Defendant moved for judgment or for a new trial. The court granted a new trial, but denied the motion for judgment, and defendant appealed.

1. It is admitted that the statute (R. L. 1905, § 1814) requiring the owner of a mill to furnish, whenever practicable, belt shifters for the purpose of throwing on or off belts on pulleys, and to provide machinery whenever practicable with loose pulleys, is applicable in this case; but the contention of defendant is that it was not negligent in failing to furnish belt shifters or loose pulleys, because it conclusively appears from the evidence that it was not practicable to do so. To sustain this contention would necessitate a holding that it is practicable to furnish such safeguards only when it can be done by the owner with convenience and without expense. The evidence shows that some changes would be needed in the arrangement of the pulleys and machinery, and that some additional space would be required; but it does not, in our opinion, show— at least, conclusively show—that it was not practicable, within a reasonable interpretation of that word as used in the statute. It follows that the question of defendant's negligence was for the jury.

2. Does it conclusively appear that plaintiff was negligent? Defendant's claim in this regard is based upon the position taken by plaintiff when he attempted to put the belt on the revolving pulley. He stood at the north side of the pulley, with the side toward him moving up. Defendant insists that this was dangerous, and that the

proper and safe place to stand was at the south side. But it appears pretty clearly that there was barely room to stand between the pulley and the wall at the south side, and that plaintiff's superior, the mill-wright, commonly took the same position that plaintiff did in putting on the belt. It is not so clear that plaintiff had any other and safer place to stand, or that he knew or ought to have known the dangers to be apprehended by doing the work from the position and in the way he attempted to do it, as to make it conclusive that he was negligent or that he assumed the risk.

We conclude that the case was one for a jury to decide, and that the court rightly denied defendant's motion for judgment.

Order affirmed.